J-A05010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER TEVIS | : | |
| | : | |
| Appellant | : | No. 400 EDA 2020 |

Appeal from the Judgment of Sentence Entered December 13, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000789-2019

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 14, 2021**

Appellant, Christopher Tevis, appeals from the judgment of sentence entered on December 13, 2020 in the Criminal Division of the Court of Common Pleas of Chester County, as made final by the denial of his motion to reconsider or modify sentence on January 17, 2020.  We affirm.

We recount the pertinent procedural history of this case based upon the trial court's recitation.

> On October 7, 2019, Appellant entered [] an open guilty plea to one count of robbery (18 Pa.C.S.A. § 3701(a)(1)(iv)).[1]  The trial court scheduled Appellant's sentencing hearing for December 13,

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant was initially charged with theft by unlawful taking (18 Pa.C.S.A. § 3921(a)), terroristic threats (18 Pa.C.S.A. § 2706(a)(10), criminal mischief (18 Pa.C.S.A. § 3304(a)(5)), and [] robbery (18 Pa.C.S.A. § 3701(a)(1)(ii)). The robbery count was amended to robbery (18 Pa.C.S.A. § 3701(a)(1)(iv)) on October 7, 2019.  **See** Criminal Information, 3/26/19.

2019. On that day, Appellant was scheduled to be transported from Chester County Prison in the morning to attend sentencing because Elliot L. Atkins, Ed.D., an expert in clinical, forensic, and consulting psychology, was unavailable to testify in the afternoon. For unknown reasons, however, Appellant was not brought to the Chester County Justice Center and the Sheriff's Office was only available to transport Appellant in the afternoon. It was represented to the trial court by Appellant's original counsel that, based upon prior communications with Appellant, counsel did not believe Appellant preferred to continue the sentencing hearing. Asserting Appellant's presumed desire to proceed with sentencing, Appellant's counsel waived his presence for the testimony of Dr. Atkins and the court accepted an expert report and testimony related to Appellant's mental health from Dr. Atkins. Following Dr. Atkins' testimony, the court recessed Appellant's sentencing hearing until the afternoon, at which time the court addressed all other aspects of the sentencing proceeding in Appellant's presence. The record reflects that Appellant received Dr. Atkins' report prior to the sentencing hearing. The court imposed a sentence of one to three years' incarceration, followed consecutively by two years' probation, on the charge of robbery.

Appellant, pursuant to the prison mailbox rule, filed a timely *pro se* motion to modify and reconsider his sentence on December 30, 2019. ***See Commonwealth v. Castro***, 766 A.2d 1283, 1287 (Pa. Super. 2001) (filing focuses upon litigant's placement of document in hands of appropriate officer; hence, Appellant's envelope bearing postmark of December 27, 2019 demonstrated a timely filing). Thereafter, on January 8, 2020, Appellant filed a motion for appointment of new counsel. On January 16, 2020, Appellant filed a *pro se* notice of appeal, which the trial court deemed to be filed within 30 days after its January 17, 2020 order denying Appellant's motion to modify sentence. ***See Commonwealth v. Cooper***, 27 A.3d 994, 998 (Pa. 2011) (premature *pro se* notice of appeal treated as if timely filed within 30 days of order denying post-sentence motion). The trial court, also on January 17, 2020, granted Appellant's motion for appointment of new counsel together with original counsel's motion to withdraw. ***See*** Trial Court Order, 1/17/20. The trial court then ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following requested extensions and extensions adopted under emergency orders addressing the COVID-19 pandemic, Appellant filed his

- 2 -

concise statement on July 1, 2020. The trial court issued its Rule 1925(a) opinion on August 6, 2020.

Trial Court Opinion, 8/6/20 (cleaned up).

Appellant's brief raises a single claim for our review.

Whether original trial counsel rendered ineffective assistance by waiving Appellant's right to be present during the testimony of an expert in psychology during sentencing?

Appellant's Brief at 1 (rephrased for clarity).

On appeal, Appellant claims that original trial counsel was ineffective when she waived his right to be present during the testimony of Dr. Atkins at his sentencing hearing. In leveling this claim, Appellant notes he was not aware he had the option to request a continuance so that he could be present during Dr. Atkins testimony. *See* Appellant's Brief at 4. Accordingly, Appellant contends that the trial court should have reached the merits of his claim asserting trial counsel's ineffectiveness.

The applicable case law is well settled. A criminal defendant must ordinarily wait until collateral review to raise claims asserting trial counsel's ineffectiveness. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002); *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) ("claims of ineffective assistance of counsel are to be deferred to [collateral] review; trial courts should not entertain claims of ineffectiveness upon post-[sentence] motions; and such claims should not be reviewed upon direct appeal"). There are two limited exceptions to this rule.

[The Pennsylvania Supreme Court] recognize[s] two exceptions [to the rule confining ineffective assistance claims to collateral review], both falling within the discretion of the trial judge. First, [the Court] appreciate[s] that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims[.]

Second, [] where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek [collateral] review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the [Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546].

***Holmes***, 79 A.3d at 563-564 (footnote omitted).

We agree with the trial court that Appellant's claim of ineffective assistance of counsel should be deferred to collateral review. As a preliminary matter, Appellant concedes in his brief that he has not executed a waiver of his right to seek collateral relief. **See** Appellant's Brief at 4; **see also** Trial Court Opinion, 8/6/20, at 6 (no express waiver included with Appellant's post-sentence motion or concise statement). Hence, any effort to invoke the second exception to the rule articulated in **Grant** immediately fails. Moreover, we agree with the trial court that deficiencies in the performance of Appellant's original trial counsel are not so apparent from the trial record that extraordinary circumstances support immediate consideration of Appellant's

- 4 -

ineffectiveness claim in furtherance of the interests of justice. **See** Trial Court Opinion, 8/6/20, at 5. As such, we perceive no abuse of discretion in the trial court's refusal to consider Appellant's ineffectiveness claim in the context of unitary review.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/21